IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| LAPETTRA DEMOND WATKINS, ) | |
| ) | |
| Movant, ) | |
| ) | Civ. No. 16-1160-JDT-egb |
| VS. ) | Crim. No. 06-10051-JDT |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
AND DENYING CERTIFICATE OF APPEALABILITY

Before the Court is a motion pursuant to 28 U.S.C. § 2255 filed by the Movant, Lapettra Demond Watkins. For the reasons stated below, the Court DENIES Watkins's § 2255 motion.

On September 18, 2006, a federal grand jury returned a one-count superseding indictment charging Watkins and a co-defendant, James Brown, with possession of "crack" cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a). (No. 06-10051, Crim. ECF No. 22.) Watkins entered a guilty plea on December 28, 2006 (*id.*, Crim. ECF No. 43), pursuant to a written plea agreement (*id.*, Crim. ECF No. 46). At a hearing on April 4, 2007, the Court sentenced Watkins to a 188-month term of imprisonment, to be followed by four years of supervised release. (*Id.*, Crim. ECF No. 56.) Judgment was entered on April 5, 2007. (*Id.*, Crim. ECF No. 57.) In accordance with a waiver in the plea agreement, Watkins did not file an appeal. (*Id.*, Crim. ECF No. 46 at 2-3.)

Watkins subsequently filed four motions for reduction of his sentence, all of which were denied. (*Id.*, Crim. ECF Nos. 65, 72, 75 & 107.) He also filed an initial *pro se* motion pursuant to

28 U.S.C. § 2255 on March 27, 2008, which was denied on February 17, 2011. *Watkins v. United States*, No. 08-1069-JDT-egb (W.D. Tenn). He did not file an appeal.

On June 17, 2016, Watkins filed the present § 2255 motion through counsel, contending that his sentence is constitutionally invalid under the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 1.) The Sixth Circuit granted leave to file the motion as second or successive, but authorized this Court to hold the case in abeyance pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). (ECF No. 8, *In re Watkins*, No. 16-5863 (6th Cir. Oct. 20, 2016).)

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing § 2255 Proceedings ("§ 2255 Rules"). "If the motion is not dismissed, the judge must order the United

States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), requires a fifteen-year sentence for a felon who is convicted of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g) and who has three prior convictions "for a violent felony or a serious drug offense, or both." *Id.*, § 924(e)(1). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," (2) "is burglary, arson, or extortion, involves use of explosives," or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.*, § 924(e)(2)(B)(i)-(ii). The last part of that definition is commonly referred to as the "residual clause." In *Johnson*, *supra*, the Supreme Court held the ACCA's residual clause was unconstitutionally vague and that increasing a defendant's sentence under the clause was, therefore, a denial of due process. 135 S. Ct. at 2563. The Supreme Court later held the decision in *Johnson* was retroactive and thus applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

Watkins was sentenced not under the ACCA but under the career offender provision of the U.S. Sentencing Guidelines, U.S.S.G. § 4B1.1. The career offender guideline provides that a defendant who is convicted of "a felony that is either a crime of violence or a controlled substance offense" qualifies for an increased sentence if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." § 4B1.1(a). At the time Watkins was sentenced, the definition of "violent felony" in the career offender guideline contained a residual

clause that was identical to the residual clause in the ACCA. § 4B1.2(a)(2) (2006).[1] Watkins thus argues that his sentence is invalid because the residual clause in the career offender guideline is also unconstitutionally vague.

Watkins's argument is foreclosed by the decision in *Beckles v. United States*, 137 S. Ct. 886, 892-95 (2017), in which the Supreme Court held "that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." 137 S. Ct. at 895. Watkins was sentenced under the advisory guidelines, after the decision in *United States v. Booker*, 543 U.S. 220 (2005). Therefore, his 188-month sentence is valid.

Watkins's § 2255 motion, together with the files and record in this case, "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), § 2255 Rules. A response from the United States is not necessary. Accordingly, the § 2255 motion is DENIED.

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the

---

[1] Following the decision in *Johnson*, the U.S. Sentencing Commission amended § 4B1.2(a)(2) to remove the language that was held to be unconstitutionally vague. *See* Amendment 798 (effective Aug. 1, 2016). However, the Commission has declined to make the amendment retroactive. *See* U.S.S.G. § 1B1.10(d) (2016).

4

petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

There can be no question that the issue raised in this § 2255 motion is without merit for the reasons previously stated. Because any appeal by Watkins on the issues raised in his § 2255 motion do not deserve attention, the Court DENIES a certificate of appealability.

In order to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $505 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, a movant must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 951-52 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

For the same reasons the Court denies a certificate of appealability, the Court also CERTIFIES, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Watkins would not be taken in good faith. Therefore, leave to appeal *in forma pauperis* is DENIED. Accordingly, if Watkins files a notice of appeal, he must also pay the full $505 appellate

5

filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE